UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JONATHAN LEE RICHES, suing under the name of "*HANK BASKETT*," | ) ) ) No. 5:11-CV-00048-KSF ) |
| Plaintiff, | ) ) ) **MEMORANDUM OPINION AND** |
| V. | ) **ORDER** ) |
| KENDRA WILKINSON, | ) ) |
| Defendant. | |

\*\* \*\* \*\* \*\* \*\*

The Court considers the Complaint filed on January 24, 2011. R. 1. For the reasons set forth below, the Court will instruct the Clerk of the Court to designate Jonathan Lee Riches, confined in the custody of the federal Bureau of Prisons ("BOP") at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), as the actual "plaintiff" in this action; dismiss this action with prejudice; assess the entire $350.00 filing fee against Riches; and refer this proceeding to the United States Attorney for the Eastern District of Kentucky, the BOP General Counsel, and the Warden of FMC-Lexington for further investigation.

**BACKGROUND**

On January 24, 2011, the United States District Court for the Middle District of Georgia, Albany Division, ("the Middle District of Georgia") received a *pro se* civil Complaint purportedly filed by "Hank Baskett." R. 1. The handwritten Complaint alleged acts of adultery, identity theft, credit card fraud, and various moral wrongs by two individuals: Kendra Wilkinson and Riches. *Id.*, pp. 1-2 .

On January 28, 2011, the Middle District of Georgia transferred this proceeding to this Court pursuant to 28 U.S.C. § 1406, to satisfy venue considerations set forth in 28 U.S.C. § 1391(b). *See* Order, R. 2. The Court noted that Kendra Wilkinson is a public figure who gained fame through a reality television series with Playboy magazine founder Hugh Hefner,[1] and that Hank Baskett is Ms. Wilkinson's husband and a wide receiver in the National Football League. *Id.*, pp. 2-3. The Court found that none of the actions described in the Complaint were alleged to have occurred in that district; that a substantial portion of the alleged actions occurred in Lexington, Kentucky; and that Riches, a federal prisoner serving a sentence for credit card fraud, is confined at FMC-Lexington, which is located in the Eastern District of Kentucky. *Id.*, p. 2.

In the Transfer Order, the Middle District of Georgia took judicial notice of the fact that Riches has filed more than three thousand cases in district courts across the country asking to intervene or seeking other relief; has frequently used absurd aliases; has asserted bizarre claims; has filed suit as one of multiple plaintiffs, either individually named as co-plaintiffs or named as aliases; and has frequently named news-makers, celebrities or events as parties; and that the envelope in which the Complaint was mailed bore a postmark from Lexington, Kentucky, despite the return address being New York, New York. *Id.*, p. 3; *see also* envelope, R. 1-1.

The Middle District of Georgia also took judicial notice of the fact that this Court has permanently enjoined Riches from using legal or special mail to submit frivolous, fraudulent, or malicious documents having no basis in law or fact to federal courts and from using the name

---

[1] As authority for this statement, the Middle District of Georgia referred to "Kendra Wilkinson Bio," http://kendrawilkinson.celebuzz.com/bio.

of any other inmate or individual and from conspiring with any other person to submit frivolous, fraudulent, or malicious documents having no basis in law or fact to federal courts. *Id.,* (citing *United States v. Riches*, No. 5:10-CV-322-KSF, R. 6; 2010 WL 4117179, at *1 (E.D. Ky. 2010) ('the Riches Injunction")). For those reasons, the Middle District of Georgia also recommended that the undersigned and the United States Attorney's Offices for its district, and this district, review the Complaint for possible violations of the Riches Injunction. *Id.*, p. 5.

## DISCUSSION

When the Middle District of Georgia transferred this action here, it aptly observed as follows:

> "The Court finds it curious that Mr. Baskett, a well-compensated professional athlete, would initiate a lawsuit against his spouse in Federal Court not with the assistance of legal counsel, whose services he could no doubt afford, but via a sloppily handwritten pro se Complaint. The inclusion of Jonathan Lee Riches's name in this matter leads the Court to believe that it was Mr. Riches, not Mr. Baskett, who penned the Complaint and affixed Mr. Baskett's purported signature onto the document.

R.2, p.3.

The Court agrees with Middle District of Georgia's conclusion that Riches **alone** initiated this bogus civil action by filing "a sloppily handwritten *pro se* Complaint" which falsely identified Hank Baskett as the plaintiff, without either Hank Baskett's knowledge or consent, in clear violation of both Federal Rule of Civil Procedure 11(b) and the Riches Injunction.

The fact that the envelope in which the instant Complaint was mailed to the Middle District of Georgia bears a Lexington, Kentucky, postmark is particularly dispositive of the fact Riches filed this action, on his own. Additionally, the bizarre and implausible claims set forth

3

in the Complaint are consistent with past facially delusional claims Riches has asserted in other "sloppily handwritten" *pro se* civil complaints, too numerous to list.² One recent example of a similarly frivolous lawsuit which Riches filed within the last year is *Cowell v. Yoga Journal*, No. 5:10-CV-119-JBC (E.D. Ky. 2010), in which Riches named television personality Simon Cowell as one of his "co-plaintiffs" and asserted outlandish allegations about Cowell and other entertainment celebrities in various pleadings. Accordingly, the Clerk of the Court will be directed to designate Riches, "suing under the name of Hank Baskett," as the plaintiff in this proceeding and to remove his designation as a defendant in this action.

The allegations which Riches (alone) asserts in the instant Complaint about himself, Wilkinson, and Baskett are patently delusional, factually frivolous, and amount to a waste and abuse of this Court's time and resources. A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325(1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id*. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

More recent case law reinforces this well-established principle. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to

---

² In the Riches Injunction, this Court discussed other equally outrageous and frivolous claims which Riches has filed in this district, the neighboring Western District of Kentucky, and in other federal courts throughout the country. *See* No. 5:10-CV-322-KSF (Order, R. 6, pp.1-4).

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In this case, Riches is the one asserting the "claims" in this Complaint despite falsely identifying himself as the defendant. His claims that he - a federal prisoner who has been in BOP custody for many years - has connections of any kind to celebrities Kendra Wilkinson and Hank Baskett are so outlandish and implausible that the Court can draw no "reasonable inference" that the claims are legitimate. Because Riches' allegations are totally implausible, attenuated, unsubstantial, frivolous, and devoid of merit, the Court will dismiss this action, *sua sponte*. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *Neitzke*, 490 U.S. at 327; *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *Selvy v. Shabazz*, No. 02-72146, 2002 WL 31548614 at *1 (E.D. Mich., May 28, 2002); *see also Sawyer v. Lexington Fayette Urban-County Government*, Civil Action No. 06-CV-08-JMH, 2006 WL 208825, at *6-*7 (E.D. Ky. 2006) (dismissing frivolous claims by repeat filer with prejudice and imposing $500.00 fine for contempt of court).

## ASSESSMENT OF FULL FILING FEE

Riches long ago accumulated three prior "strikes" under 28 U.S.C. § 1915(g), for filing frivolous and vexatious prison lawsuits. *See Riches v. Hughes*, Civil Action No. 0:08-CV-85-HRW (E.D. Ky.), in which Judge Wilhoit observed in a June 18, 2008 Opinion and Order that Riches "has now filed a total of 1,825 civil cases and brought 197 civil appeals in the federal

courts." *See id*, R. 3, p. 2; 2008 WL 2478229 at *1 (E.D. Ky. 2008). Accordingly, Judge Wilhoit enjoined Riches from filing any future civil actions in the United States District Court for the Eastern District of Kentucky unless a complaint was submitted with (a) the filing fee or an allegation of imminent danger of serious physical injury; (b) a statement regarding the basis for jurisdiction and venue; (c) evidence of obtaining permission of the court for the filing; and (d) a copy of the Opinion and Order. *Id*. at *3.[3]

In addition to the fact that Riches falsely designated himself as the defendant when he filed the instant Complaint in the Middle District of Georgia on January 24, 2011, he did not pay the $350.00 filing fee. Because of Riches' long-standing status as a § 1915(g) "Three Strikes" violator, he obviously will not be granted pauper status in this action. But he will not be relieved of his obligation to pay the entire $350.00 filing fee, which the Court now assesses against him pursuant to *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

In *Alea*, the Sixth Circuit held that dismissal of an action under § 1915(g) does not negate or nullify the prisoner's continuing obligation to pay the fee in full. *Id*. at 381. The Court explained that "not requiring the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints - thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal

---

[3] This Court has noted Riches' "Three Strike" status in other cases. *See, e.g., Riches v. X-Men*, Civil Action No. 5:09-mc-112, 2009 WL 997092 (E.D. Ky. 2009); *Riches v. Federal Medical Center Lexington*, Civil Action No. 5:09-mc-122 (E.D. Ky.); *Riches v. Hughes*, Civil Action No. 5:10- CV-226 (E.D. Ky.); and *Cowell v. Yoga Jounal*, Civil Action No. 5:10-CV-119-JBC (E.D. Ky) (*See* Order, R. 9, pp. 3-4). In *X-Men* and *Hughes*, Riches apparently added the names of other inmates without their consent, and those inmates filed affidavits stating their names were forged and asked that the pleadings be removed. *See Riches v. Hughes*, R. 13, 14; *Riches v. X-Men*, R. 8, 9, 13.

6

under § 1915(g)." *Id*. at 382.[4]  As Riches has filed frivolous civil actions nationwide with abandon over the years, he is the perfect candidate on whom to apply *Alea*'s filing fee requirement.  Riches is liable for the $350.00 filing fee in this case.

## REFERRAL TO BOP FOR INVESTIGATION

Finally, the Court further determines that in filing this action in the Middle District of Georgia, Riches has attempted to circumvent the restrictions of the Riches Injunction.  By using another person's name without his knowledge or consent, and falsely identifying himself as a defendant, Riches has violated this Court's permanent injunction prohibiting him from filing frivolous lawsuits and using the names of other persons without their knowledge or consent.

Because Riches succeeded in mailing the Complaint from Lexington, Kentucky, where he is confined, to the Clerk of the Court of the Middle District in contravention of the Riches Injunction (which the federal government sought and requested), the Court will send copies of this entire proceeding to:  (1) Deborah Hickey, Warden of FMC-Lexington, (2) the Office of the United States Attorney for this District, and (3) the General Counsel for the BOP in Washington, D.C., to ensure that the BOP and FMC-Lexington staff comply with the terms of the Riches Injunction by carefully screening Riches' outgoing mail to prevent him from filing future frivolous litigation in any federal court while he is imprisoned at FMC-Lexington.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

---

[4] The Sixth Circuit further explained that "[a]lthough the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair."  *Alea*, 286 F.3d at 38.

(1) The Court determines that federal prisoner Jonathan Lee Riches filed this action in bad faith in order to harass and abuse the federal judiciary in violation of Federal Rule of Civil Procedure 11(b) and to circumvent the permanent injunction this Court entered on October 18, 2010, in *United States v. Riches*, No. 5:10-CV-322-KSF, R. 6, pp. 7-8; 2010 WL 4117179 (E.D. Ky. 2010).

(2) The Clerk of the Court is directed to designate "Jonathan Lee Riches, suing under the name of Hank Baskett," as the "Plaintiff" in this action on the CM/ECF docket sheet and to remove Riches' designation as a "Defendant," so that this action will be listed under Riches' name in the Public Electronic Access to Public Records database.

(3) The Complaint, R. 1, filed by BOP inmate Jonathan Lee Riches, is **DISMISSED WITH PREJUDICE** as frivolous pursuant to *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and *Neitzke v. Williams*, 490 U.S. 319, 325(1989).

(4) Riches, BOP Reg. No. 40948-018, is assessed the $350.00 filing fee for this civil action and is liable for the payment of the entire filing fee pursuant to *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

(5) Riches' custodian shall submit payments from his federal inmate account as and when funds are deposited therein until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk of this Court.

(6) The Clerk of the Court shall open an account in Riches' name for receipt of the filing fee and shall serve a copy of this Order and a notice of payment form (E. D. Ky. 525), complete with (a) Riches' name, (b) his inmate number, and (c) this case number, upon the

Warden of the institution in which he is currently confined and upon the Office of the BOP's General Counsel, in Washington, D.C.

(7) The Clerk of the Court is directed to mail copies of this entire proceeding [R. 1 through and including entry of this Order] to Deborah Hickey, Warden of FMC-Lexington, the Office of the United States Attorney for the Eastern District of Kentucky, and the General Counsel for the BOP in Washington, D.C., for further investigation to ensure that the BOP and or FMC-Lexington staff effectuate the terms of the permanent injunction entered in *United States v. Riches*, No. 5:10-CV-322-KSF, R. 6, pp.7-8, by carefully screening all of Riches' outgoing mail and to prevent him from filing future frivolous litigation by any other means in any other federal court while he is imprisoned at FMC-Lexington.

(8) The Court will enter an appropriate Judgment.

This February 4, 2011.



Signed By:

*Karl S. Forester* KSF

United States Senior Judge